UNITED STATES v. WILDER & CO., INC.

No. 5640.—Invoices dated Naples, Italy, January 31, 1940, and February 2, 1940.
Certified February 1, 1940, and February 3, 1940.
Entered at Tampa, Fla., March 13, 1940.
Entry Nos. 530 and 532.

(Decided May 19, 1942)

*Paul P. Rao*, Assistant Attorney General (*Frank E. Carstarphen*, special attorney), for the plaintiff.
Defendant not represented by counsel.

CLINE, Judge: These cases were consolidated for trial. They consist of two collector's appeals for reappraisement of peeled tomatoes and tomato sauce imported from Italy. The invoices were certified by the American consular officer at Naples on February 1 and February 3, 1940. The shipments consist of peeled tomatoes packed in cases or fiber board cartons containing 24 tins of 1,200 gr. each which were entered on the basis of foreign value at $2.40 per case, peeled tomatoes in cases containing 48 tins of 600 gr. each which were entered at $2.90 per case, and tomato sauce packed in cases containing 100 250-gr. tins which was entered at $5 per case. Loading charges and a cash discount of 2 per centum were deducted on entry.

At the trial, which was held at Tampa, Fla., the plaintiff called the United States appraiser at that port as a witness. He testified that he appraised the merchandise at the entered value; that the appraisement was made before he received information which he requested from New York; that when the information he requested was received it showed that the value of the tomatoes entered at $2.40 per case had advanced to $2.78 per case; that the tomatoes entered at $2.90 per case had advanced to $3.28 per case; that the tomato sauce entered at $5 per case had advanced to $5.05 per case; that said prices were in force at the time of the shipments herein involved; and that he furnished this information to the collector and recommended that appeals for reappraisement be taken and the collector filed the appeals.

Mr. F. B. Wilder, a customs broker acting for the importer, appeared as a witness in behalf of the defendant. He stated that what the

appraiser stated "is absolutely true"; that prior to making entry he requested information from the appraiser as to the value of the merchandise and was informed that there was no recent information; that he had received a letter from Del Gaizo Distributing Corporation, dated January 11, 1940, giving the prices of the goods which were the same as the invoice prices, and he made entry in accordance with the values shown in that letter.

The representative of the importer, in stating that the facts related by the appraiser were true, practically conceded that the advanced values, which the appraiser testified were the values of the merchandise at the time of exportation, were the values of the goods, which is substantially a stipulation that the advanced values announced by the appraiser are the foreign values of the merchandise and that the export values are no higher.

On the basis of the conceded facts, I hold that the merchandise should be appraised on the basis of foreign value and that such values are $2.78 per case for the peeled tomatoes containing 24 tins per case, $3.28 per case for the peeled tomatoes containing 48 tins per case, and $5.05 per case for the tomato sauce, packing included, less 2 per centum cash discount and loading charges. Judgment will be entered accordingly.